FILED10 JUN '11 13:54usDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID WEBER,

        Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Civil No. 10-6068-AA
OPINION AND ORDER

Alan Stuart Graf
Attorney At Law
316 Second Rd.
Summertown, Tennessee 38483
    Attorney for plaintiff

Dwight Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

David F. Morado
Regional Chief Counsel
Willy M. Le
Special Assistant U.S. Attorney
Social Security Administration

PAGE 1 - OPINION AND ORDER

Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

AIKEN, Chief Judge:

    Claimant, David Weber, brings this action pursuant to the
Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain
judicial review of a final decision of the Commissioner.  The
Commissioner denied plaintiff's application for Title XVI
supplemental security income (SSI) disability benefits under the
Act.  For the reasons set forth below, this case is remanded for
further proceedings.

## PROCEDURAL BACKGROUND

    On July 19, 2000, plaintiff filed his third application for
SSI. Tr. 37. On October 25, 2002, an administrative law judge
(ALJ) denied the claim and on March 7, 2005, the United States
District Court affirmed the decision of the Commissioner. Id.

    On October 12, 2004, plaintiff filed an application for SSI.
Tr. 20. After the application was denied initially, and upon
reconsideration, plaintiff timely requested a hearing before an
ALJ.  Tr. 20. On July 17, 2007, an ALJ hearing was held before
the Honorable John L. Madden. Tr. 20-33. A supplemental hearing
was held on October 26, 2007. Tr. 437-75. On December 21, 2007,
ALJ Madden issued an unfavorable decision, finding plaintiff not
disabled within the meaning of the Act. Tr. 20-33. After the
Appeals Council declined to review the ALJ decision, plaintiff
filed a complaint in this Court.  Tr. 6-9.

PAGE 2 - OPINION AND ORDER

## STATEMENT OF THE FACTS

Born in 1965, plaintiff was 25 years old on the alleged onset date of disability, and 42 years old at the time of the hearing. Tr. 15, 20. According to plaintiff's testimony, he completed the 9th grade, but did not complete high school or pursue a GED. Tr. 441. Plaintiff has no relevant work experience. Tr. 32. He alleges disability beginning June 1990, due to osteoporosis, degenerative disc disease, fibromyalgia, arthritis, irritable bowel syndrom, major depression, post traumatic stress disorder, and social anxiety disorder. Tr.123-24.

A vocational expert (VE) testified at the hearing. The VE opined that there were light exertion jobs available in the local economy that plaintiff could perform. Tr. 463-73.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to

PAGE 3 - OPINION AND ORDER

establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486
(9th Cir. 1986).  To meet this burden, plaintiff must demonstrate
an "inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which can be expected . . . to last for a continuous
period of not less than 12 months. . . ."  42 U.S.C.
§ 423(d)(1)(A).

     The Secretary has established a five-step sequential process
for determining whether a person is disabled.  Bowen v. Yuckert,
482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920.  First
the Secretary determines whether a claimant is engaged in
"substantial gainful activity."  If so, the claimant is not
disabled.  Yuckert, 482 U.S. at 140; 20 C.F.R.
§§ 404.1520(b), 416.920(b).

     In step two the Secretary determines whether the claimant
has a "medically severe impairment or combination of
impairments."  Yuckert, 482 U.S. at 140-41; see 20 C.F.R.
§§ 404.1520(c), 416.920(c).  If not, the claimant is not
disabled.

     In step three the Secretary determines whether the
impairment meets or equals "one of a number of listed impairments
that the Secretary acknowledges are so severe as to preclude
substantial gainful activity."  Id.; see 20 C.F.R.
§§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively
presumed disabled; if not, the Secretary proceeds to step four.
Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. <u>Yuckert</u>, 482 U.S. at 141-42; <u>see</u> 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

### I. The ALJ's Findings

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 23, Finding 1. This finding is not in dispute. At step two, the ALJ found that plaintiff had the following severe impairments: mild compression fractures of the lumbar spine; dysthymia; marijuana dependence; and borderline intellectual functioning. Tr. 23, Finding 2. This finding is not in dispute. At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 23, Finding 3. This finding is not in dispute.

The ALJ determined that plaintiff had the residual

PAGE 5 - OPINION AND ORDER

functional capacity (RFC) to perform work at a light exertion level. Tr. 24, Finding 4. Plaintiff was limited to work that would require only occasional stooping, bending, or crouching. Id. The ALJ further noted that plaintiff was incapable of following detailed instructions and that plaintiff was restricted to work that involved only limited to occasional co-worker contact, no contact with the general public, and no exposure to heights, ropes, or scaffolds. Id. This finding is in dispute.

The ALJ concluded that plaintiff's allegations were not entirely credible because the objective medical evidence did not support his alleged limitations, examining and treating medical sources documented questions of credibility, and he did not regularly or consistently seek treatment for his alleged back pain. Tr. 28, 29. This finding is not in dispute.

At step four, the ALJ acknowledged that plaintiff has no past relevant work. Tr. 32, Finding 5. This finding is not in dispute. Finally, at step five, the ALJ found that there are jobs that exist in significant numbers in the national and local economy that plaintiff could perform. Tr. 32, Finding 9. This finding is in dispute as it relates to the ALJ's assessment regarding plaintiff's RFC.

## II. Plaintiff's Allegations of Error

Plaintiff challenges the ALJ's decision on three grounds. First, plaintiff argues that although the ALJ fully credited the opinion of examining psychologist, David Northway, Ph.D., the ALJ failed to include all of the limitations prescribed by Northway

PAGE 6 - OPINION AND ORDER

in his evaluation of plaintiff's RFC. Second, plaintiff argues
that the ALJ failed to provide sufficient reasons for rejecting
the medical opinions of plaintiff's treating physician, Edward
Reeves, M.D., and examining psychologist, David Truhn, Psy.D.
Finally, plaintiff argues that he has demonstrated an increased
severity in his impairments since the last SSI decision.

    This court notes that the Commissioner concedes the
following errors: (1) the ALJ erred when he accepted Dr.
Northway's medical opinion but did not fully incorporate his
opinion into the residual functional capacity finding; (2) the
ALJ erred in utilizing his interpretation rather than
ascertaining Dr. Northway's interpretation regarding the meaning
of a "moderate" limitation; (3) the ALJ erroneously rejected Dr.
Truhn's finding of marked limitations; and (4) the ALJ
incorrectly found that plaintiff failed to satisfy his burden to
demonstrate changed circumstances in his condition from the
previous decision. Such errors are not harmless.

    When a decision denying disability benefits is reversed, an
award of benefits may be directed "where the record has been
fully developed and where further administrative proceedings
would serve no useful purpose." Smolen v. Chater, 80 F.3d 1273,
1292 (9th Cir. 1996). That is not the case here. Given
plaintiff's acknowledged credibility issues in conjunction with
the clear conflicts between the various medical opinions
regarding the severity of plaintiff's impairments and his ability
to work, I cannot make a final disability determination at this

PAGE 7 - OPINION AND ORDER

time. Moreover, the vocational expert was not consulted regarding Dr. Northway's complete medical opinion when determining plaintiff's ability to work. Accordingly, I remand for further development of the record.

Notwithstanding the disposition of this case, this court will address plaintiff's allegation of error regarding Dr. Reeves. Plaintiff asserts that the ALJ erred by providing legally insufficient reasons for rejecting the opinion of treating physician, Edward Reeves, M.D. I disagree.

Generally, a treating physician's opinion is afforded the greatest weight in disability cases (20 C.F.R. § 404.1527(d)(2)); however, the opinion of a treating physician is not binding on an ALJ "with respect to the existence of an impairment or the ultimate determination of disability." Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). Rather, an ALJ may "discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole...or by objective medical findings." Id. (internal citations omitted).

Here, it is undisputed that Dr. Reeves was plaintiff's treating physician from June 1, 2000, through November 11, 2004. Tr. 220-273. On November 15, 2004, Dr. Reeves filled out an RFC form regarding plaintiff in which he limited plaintiff to less than sedentary work, standing two hours in an eight hour day, and sitting less than six hours in an eight hour day; however, his corresponding treatment notes do not provide objective medical evidence of the limitations asserted in his RFC report. The ALJ

PAGE 8 - OPINION AND ORDER

recognized that treatment notes indicate "chronic low back pain,"
and "mild degenerative changes throughout the thoratic spine."
Tr. 26, 233-4. Nevertheless, Dr. Reeves opined that a February
2004 thoratic x-ray looked "pretty normal." Tr. 233. In fact, Dr.
Reeves concluded that multiple medications had not helped
plaintiff in the past, and he wrote, "I told him I really don't
have much to offer him." Tr. 26.

    Plaintiff points to additional treatment notes in August and
September 2004 that indicate plaintiff continued to suffer from
"severe pain" in his mid to low back as well as worsening
migraines. Tr. 228. Notes from the same day also indicate that
plaintiff's "left knee pain" was "worsening" and that it was
"swollen and clunking." Id. Nonetheless, plaintiff fails to
provide any diagnostic findings that substantiate his continued
complaints. Further, although the ALJ erroneously concluded that
Dr. Reeves' RFC assessment was completed "nearly 10 months after
his last assessment," I find that the error was harmless because
none of the additional treatment notes, nor the record as a
whole, support the findings stated in his RFC assessment. Stout
v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir.
2006) (mistakes that are "nonprejudicial to the claimant or
irrelevant to the ALJ's ultimate disability conclusion" are
harmless error). In fact, treatment notes from Scott Kitchell,
M.D., taken on November 2, 2004, discuss plaintiff's "progressing
degenerative disc disease" as well as his "mild compression
fracture;" yet, Dr. Kitchell explained he did not believe

PAGE 9 - OPINION AND ORDER

plaintiff would benefit from surgery, nor did he believe plaintiff was "100% disabled from all forms of work," although heavy labor was excluded. Tr. 26, 197.

Because Dr. Reeves merely checked a box on the RFC form, which was conclusory and brief in form, without providing "medical rationale as to why he restricted [plaintiff] to sedentary work," and because his objective medical findings, as well as the record as a whole, failed to support his RFC assessment, the ALJ properly discounted Dr. Reeves' medical opinion.

## CONCLUSION

The Commissioner's decision is not based on substantial evidence in the record and is therefore reversed and remanded for further development of the record as stated above.

IT IS SO ORDERED.

Dated this $\underline{9}$ day of June 2011.

Ann Aiken
United States District Judge